IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DMYTRO DEREVIANKO,

    Plaintiff,

v.                                                                        No. 25-cv-1040-KG-KK

OFFICER JOHNSON, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff Dmytro Derevianko's *pro se* Civil Complaint. (Doc. 1) (Complaint). He seeks money damages on the ground that his immigration detention is unlawful. He also seeks a release from custody in this civil case. Before submitting the instant Complaint, Plaintiff filed a separate 28 U.S.C. § 2241 proceeding challenging his immigration detention. (Doc. 1) in 25-cv-869 JB-JHR. In that proceeding, Plaintiff alleges his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Section 2241 claims were referred to the Hon. Jerry Ritter for proposed findings and a recommended disposition. (Doc. 6) in 25-cv-869 JB-JHR. Magistrate Judge Ritter ordered briefing, and the habeas claims are pending.

       To the extent Plaintiff also challenges his custody in this later-filed civil rights proceeding, no relief is available. Litigants generally "may not assert habeas corpus claims and civil rights claims in the same action." *Aigbekaen v. United States*, 2023 WL 11862185, at *3 (D. Colo. May 18, 2023); *see also Hamilton v. Bird*, 650 Fed. App'x 585, 588 (10th Cir. 2016) ("Because [the inmate] may not pursue civil rights and habeas claims in the same action, the district court opened a new case to address" the second pleading). Litigants are also not permitted to pursue the same relief is two concurrent federal actions. *See Katz v. Gerardi*, 655

F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.").[1]  The Court will therefore deny Plaintiff's request for release without prejudice.  He may continue to prosecute his duplicate motion for release in the earlier-filed Section 2241 case.

As to the claim for money damages, the Court will require Plaintiff to refile his claims on the form civil rights complaint.  The Clerk's Office mailed Plaintiff a blank complaint and a blank motion to proceed *in forma pauperis*.  Plaintiff must return the completed form within thirty (30) days of this ruling.  By the same deadline, Plaintiff must pay the $405 filing fee or, alternatively, file a motion to proceed *in forma pauperis*.  Any *in forma pauperis* motion must include an inmate account statement reflecting transactions for a six-month period.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff is reminded that any "complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Plaintiff is further advised that, while the civil rights claims are not yet developed enough to make a substantive ruling, it is unlikely he can obtain money damages based on his immigration detention.  Claims against federal officials must be raised under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  *Biven* recognizes an implied private action for damages against federal officers alleged to have violated a constitutional right.  However, several courts have held that *Bivens* does not extend to "claims arising from civil immigration … detention[], other than those alleging unconstitutionally

---

[1] The Court also notes that *sua sponte* consolidation is not warranted in this matter, for the same reasons above.

excessive force." *De La Paz v. Coy*, 786 F.3d 367, 375 (5th Cir. 2015). *See also Mirmehdi v. United States,* 689 F.3d 975 (9th Cir. 2011) (finding no *Bivens* claim for constitutionally invalid immigration detention); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1212–13 (11th Cir. 2016) ("no Bivens remedy is available when a plaintiff claims that he was unconstitutionally detained after being ordered removed by an immigration judge"). If Plaintiff files an amended complaint, the pleading should set forth all relevant facts and specify whether he seeks money damages based on his immigration detention, versus unconstitutional conditions of confinement or some other wrongdoing. The failure to timely comply with each directive in this Order may result in dismissal of this civil rights action without further notice. As noted above, such dismissal will have no impact on Plaintiff's ability to prosecute his separate Section 2241 case.

IT IS ORDERED:

1. Within thirty (30) days of entry of this Order, Plaintiff shall file an amended civil rights complaint on the proper form.

2. By the same deadline, Plaintiff shall pay the $405 filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with a six-month inmate account statement.

3. To the extent the Complaint (Doc. 1) seeks a release from custody, such request is denied without prejudice to Plaintiff pursuing relief in his pending Section 2241 case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.